## CIRCUIT COURT OF LOUDOUN COUNTY

Helianthe Dent Cindy Becker

v.

David P. Curo,
Adult Probation Officer

September 3, 1996

Case No. (Law) 16584

BY JUDGE THOMAS D. HORNE

For the reasons stated herein, the Court will grant the petition of Helianthe Dent Cindy Becker for a writ of habeas corpus, vacate her prior conviction of arson, and set the case for the future review and scheduling. The case will be docketed for Motions Day, September 6, 1996, at 8:30 a.m. Counsel for the defendant and the Commonwealth are directed to appear before the Court at that time.

Based upon the evidence before it, the Court finds that petitioner was denied the right to effective representation of counsel at her trial for arson. Such denial resulted from the failure of her court-appointed attorney to request and adequately review the data upon which the Commonwealth's trace evidence expert relied in forming the opinions which she rendered at the trial of the petitioner. The testimony of the expert related to the examination of a stain found on the yellow shirt worn by her on the day of the fire. This failure to adequately investigate limited defense counsel's ability to effectively cross-examine the expert as to the origin of the stain.

Such claim of ineffective assistance of counsel is raised by the petition in paragraph 14(d), wherein she asserts:

> [t]he petitioner was denied her 6th Amendment and 14th Amendment right to effective assistance of counsel when her court-appointed trial attorney failed to object to expert opinions regarding the origin of the fire, failed adequately to cross-examine experts, failed to consult independent arson experts, even though funds were provided, and accepted the prosecu-

tion's theory of arson without investigating sufficiently this theory.

The Court finds that the opinions rendered by the Commonwealth's expert, a forensic scientist supervisor of the trace evidence section of the Division of Forensic Science, were the linchpin in the circumstantial evidence case which was presented against the petitioner. Absent her testimony, there was nothing to link Ms. Becker directly to the use of the accelerant which helped to start the fire that damaged her home and its contents. The remainder of the Commonwealth's case consisted of evidence of motive and opportunity. This evidence was the subject of extensive rebuttal evidence put forth by counsel for the defendant.

In his final argument to the jury, the Assistant Commonwealth's Attorney summed up the prosecution's case as follows:

[T]here's only one thing that is in any serious question, and that is, who done it? What the Commonwealth has shown is that the person who wore this (the shirt which contained a mixture of petroleum distillates of the gasoline and fuel oil types), this with the stain on the sleeve, when that stain came back with the same — I didn't hear boat lacquer — the same gasoline/fuel oil mixture that was in item G (two immiscible liquids) which is that glass jar, which came from . . . the gas can (found at the scene and it may be reasonably inferred contained the accelerant used to start the fire), and it says gasoline on the side of it, you'll see, without fingerprints, that stain and that liquid and to the extent they were identifiable, the liquid on the floors were not distinguishable. They weren't boat lacquer. They were fuel oil and gasoline. And on the fuel — I'm sorry, on the shoes there were characteristics consistent with gasoline, if I recall correctly. Now, the shoes by themselves probably don't mean a great deal. Mrs. Becker was walking around the fire scene that day. She was walking around there from the time the fire department came in . . . . But when you put it (the presence of petroleum distillate on the shoes) with the stain on the sleeve and you put it with her being the only person there when the fire started, and when you put it there with the motive that she had, when you put it there with the foreclosure that she claims she just heard about ten days before . . . . Transcript of March 12, 1993, pp. 186 to 188.

The Commonwealth's Attorney drew a clear distinction between the presence of petroleum distillates on the shoes and shirt worn by Mrs. Becker. That argument, as was the argument of counsel for the defendant, was predicated upon Ms. Becker's having come in contact with a petroleum distillate on the day of the fire but not the form the substance may have taken at the time contact was made.

Nowhere did counsel for the defendant develop through cross-examination of the expert or through the testimony of the expert retained with funds provided by the court that the presence of the mixture of petroleum distillates of the gasoline and fuel oil types could have been caused by smoke. Had counsel for the defendant asked the Commonwealth's expert, that expert would have so opined.

It could be argued that the testimony of the Commonwealth's expert revealed nothing more than that the defendant was near smoke caused by the burning mixture. An expert retained by the petitioner in these proceedings testified that it was only by smoke that the sample on the shirt came to be found. In either event, it is clear that an understanding of the gas chromatograph and of the graphs which it produces is essential to an understanding of either of such experts' testimony. Without fully knowing the scientific method used, effective cross-examination was lost.

The Court is of the opinion that, but for the failure of counsel to conduct a meaningful review of the data relied upon by the expert and thus prepare an effective cross-examination of the singularly significant witness against her client, the instant petition should be denied. Counsel prepared a challenge to each of the pieces of circumstantial evidence in the case.

In measuring her performance for purposes of the instant petition, the Court must be guided by the strong presumption that counsel's conduct falls within the range of reasonable competence and is the product of reasonable trial strategy. Her competence is to be evaluated from her perspective at the time of trial and without the distortion of hindsight. However, to be effective, an attorney must conduct a reasonable amount of pretrial investigation in order to make informed decisions at trial. In determining the reasonableness of the investigation, the Court may consider the number and complexity of the issues in the case, the strength of the prosecution's case, and trial strategy. *Department of Corrections v. Clark*, 227 Va. 525 (1984).

Counsel for the petitioner had a limited background in chemistry. The record is devoid of any evidence that she had any familiarity with the gas chromatograph. However, had she requested that data and had she re-

quested an interpretation of the graphs, it is reasonable to conclude that a possible source for the sample on the shirt could have been traced to smoke. The Commonwealth's Attorney conceded in his closing argument the presence of the petitioner at the fire scene.

This Court is not unmindful of the requirement that in order for the petitioner to prevail, she must show that court-appointed counsel's representation fell below an objective standard of reasonably effective assistance under prevailing professional norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would be different. *Strickland v. Washington*, 466 U.S. 668 (1984); *Strickler v. Murray*, 249 Va. 120 (1995); *Lakey v. Huffman*, 936 F.2d 584 (4th Cir. 1991). In this circumstantial evidence case, in which the testimony of the expert was critical to the Commonwealth's proof, a failure to fully examine both the conclusions and the basis for the conclusions of such expert not only is unreasonable but likely to have affected the ultimate outcome of the case.

The Assistant Attorney General has suggested that the court by granting the instant petition may have mandated the employment of independent experts in all cases where defense counsel wish to be shielded from claims of ineffective assistance. Such a conclusion should not be drawn from the court's ruling in this case. In most cases, the employment of a defense expert is not required, although in the instant case, funds were authorized for the employment of an independent expert. However, where forensic experts are called upon by the Commonwealth, it is reasonable to expect in those cases in which the testimony of an expert is crucial to the outcome of the prosecution's case, that counsel familiarize themselves not only with the conclusions of the expert but the manner by which they arrived at their conclusions, including the data which they relied upon. Otherwise, counsel cannot meaningfully be prepared to either test or accept such conclusions and effectively prepare a defense.